IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BELINDA TONEY, et al., : | |
|    Plaintiffs : | No. 1:21-cv-02026 |
| : | |
|    v. : | (Judge Kane) |
| : | |
| DOLLAR TREE STORES, INC., : | |
|    Defendant : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

      This civil rights action stems from allegations that the manager of a Dollar Tree Stores, Inc. ("Defendant") store in Harrisburg, Pennsylvania unconstitutionally detained, accosted, and assaulted Plaintiff M.G.—a minor and an African American—on the basis of his race. (Doc. No. 1.) On October 14, 2022, upon notice from Magistrate Judge Carlson that the parties reached a settlement of this matter, the Court issued an Order dismissing this case and directing the parties to inform the Court, within sixty (60) days of the Court's Order, whether dismissal of the case should be with or without prejudice. (Doc. No. 38). The next month, counsel for M.G. and his mother, Plaintiff Belinda Toney ("Toney," and with M.G., "Plaintiffs"), filed a motion for leave to file under seal a petition ("Petition") seeking the Court's approval of the parties' settlement and distribution of the settlement proceeds (Doc. No. 39), along with a copy of the Petition itself (Doc. No. 40), which remains under seal. The Court denied the sealing motion because it did not address the standard that governs the sealing of records set forth in In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019). (Doc. No. 42.)

      On December 9, 2022, counsel for Defendant, on behalf of counsel for Plaintiffs, Leticia C. Chavez-Freed, Esq. ("Attorney Chavez-Freed"), submitted a letter request seeking an order setting a December 16, 2022 deadline for the submission of a renewed motion for leave to file

the Petition under seal.  (Doc. No. 43.)  The Court granted that request (Doc. No. 44), after which Attorney Chavez-Freed re-filed the Petition under seal—along with documents in support of the Petition (Doc. Nos. 45, 45-1, 45-2, 45-4)—followed by a new motion ("Sealing Motion") for leave to file the Petition under seal (Doc. No. 46) and a supporting brief (Doc. No. 47).

The Court will grant the Sealing Motion because it establishes that the Petition contains "the kind of information that courts will protect" and that its disclosure would "work a clearly defined and serious injury to the party seeking closure" under In re Avandia, 924 F.3d at 672 (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)).  Specifically, the Sealing Motion demonstrates that: (1) Plaintiffs would not have entered into the parties' confidential settlement agreement ("Settlement Agreement") without the Court's approval of the Settlement Agreement's confidentiality provisions, see LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 222 (3d Cir. 2011) (affirming denial of motion to unseal judicial record containing terms of confidential settlement agreement where plaintiff would "not have entered into the settlement agreements but for the Court's assurance of confidentiality"); (2) confidentiality of the Settlement Agreement is in the best interests of M.G. and necessary to protect M.G. from any unnecessary harm, embarrassment, or hardship, see, e.g., Mears v. Atl. Se. Airlines, Inc., No. 5:12-cv-00613, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) (stating that "[c]ourts have repeatedly held that minors' privacy interests" in financial information in settlement documents suffice to "overcome the common law right of access in granting motions to seal"); and (3) this action does not implicate matters of public health and safety, involve a public entity or official, or involve issues that are of sufficient public interest to overcome the hardship upon M.G. that disclosure of the Settlement Agreement's terms would work, see In re Avandia, 924 F.3d at 676.

The Court will also grant the Petition for approval of the Settlement Agreement's terms,

which include the proposed settlement, distribution of the settlement proceeds, and the amount of fees to be paid to Attorney Chavez-Freed pursuant to the Settlement Agreement. In this regard, the Court affords "considerable weight" to the judgments of counsel and the parties, as they are in the "best position to evaluate the settlement amount[.]" See Johnson v. Clearfield Area Sch. Dist., 319 F. Supp. 2d 583, 588 (W.D. Pa. 2004). The Petition and related exhibits establish that: (1) the parties' proposed settlement and distribution is in M.G.'s best interests and is fair and reasonable in light of the specific facts of this case; (2) M.G.'s mother, Plaintiff Toney, approves the settlement amount allocated to M.G.; and (3) the settlement amount adequately reflects the extent of Plaintiff's injuries. Further, regarding the attorney's fees to be paid to Attorney Chavez-Freed pursuant to the Settlement Agreement, the Petition establishes that the proposed fees are reasonable in light of the amount of work performed, the services rendered, and the nature of this suit and issues presented thereby.

**AND SO**, on this 20th day of January 2023, upon consideration of Plaintiffs' motion for leave to file a document under seal (Doc. No. 46) and the Petition for approval of the terms of the parties' Settlement Agreement (Doc. No. 45), **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to file a document under seal (Doc. No. 46) is **GRANTED**, and the Clerk of Court is directed to maintain under seal Plaintiffs' Petition (Doc. No. 45) for approval of the parties' Settlement Agreement and the earlier-filed copy of the same (Doc. No. 40);

2. The Court **APPROVES** the settlement amounts and attorney's fees and costs to be paid therefrom and authorizes Attorney Chavez-Freed to effectuate the distribution of the settlement proceeds, all in accordance with the terms of the proposed order submitted in connection with the Petition (Doc. No. 45-3); and

3. This case shall remain **CLOSED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania